IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYRONE E. JOHNSON, SR.,

        CASE NO. 2:14-CV-01908
   Petitioner,       JUDGE MICHAEL H. WATSON
        MAGISTRATE JUDGE KEMP

   v.

NEIL TURNER,

   Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's claim regarding the denial of the right to a speedy trial and ineffective assistance of appellate counsel be **DISMISSED** and that further briefing be ordered on Petitioner's ineffective assistance of trial counsel claim.

If this recommendation is adopted, Respondent should be **DIRECTED** to submit a supplemental response addressing the merits of Petitioner's claim of the denial of the effective assistance of trial counsel within twenty-one days, and Petitioner should be granted permission to file a response within twenty-one days thereafter.

### I.  Procedural History

Petitioner challenges his convictions pursuant to his no contest plea in the Fairfield County Court of Common Pleas on one count of engaging in a pattern of corrupt activity, one count of complicity to commit robbery, and two counts of complicity to commit theft. Petitioner asserts that he was denied due process when the

trial court denied his motion to dismiss on speedy trial grounds and that he was denied the effective assistance of trial counsel because his attorney filed "useless requests for information that expanded [the] State's time to bring Petitioner to trial" (*Petition*, Doc. 1, PageID# 6), and failed to prepare a defense, forcing Petitioner to enter a guilty plea (claim one). Petitioner also asserts that he was denied the effective assistance of appellate counsel because his attorney failed to provide him with timely notice of the state appellate court's decision denying his appeal (claim two). Petitioner was represented by the same attorney at trial and on direct appeal. He additionally raises a claim of the denial of the effective assistance of trial counsel.

As discussed in this Court's prior *Order*, Doc. 16, Petitioner procedurally defaulted his claim that he was denied his right to a speedy trial by failing to file a timely appeal of the appellate court's January 17, 2014, decision dismissing his appeal to the Ohio Supreme Court. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)(the Ohio Supreme Court's denial of a motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal habeas review). On June 27, 2014, Petitioner filed a motion for a delayed appeal; however, the Ohio Supreme Court denied the motion.

As cause for this procedural default, and in ground two of his habeas corpus petition, Petitioner asserts the denial of the effective assistance of appellate counsel based on his attorney's alleged failure to advise him timely that the appellate court had dismissed his appeal, resulting in his inability to file a timely appeal with the Ohio Supreme Court. It is the position of the Respondent that Petitioner also has

procedurally defaulted his claim of the denial of the effective assistance of appellate counsel by filing an untimely application to reopen the appeal under Ohio Appellate Rule 26(B) and failing to file an appeal of the appellate court's decision denying his delayed Rule 26(B) application to the Ohio Supreme Court.

On April 26, 2016, the Court ordered supplemental briefing on Petitioner's claim of the denial of the effective assistance of appellate counsel. Petitioner's *Supplemental Response*, Respondent's *Reply*, and Petitioner's *Response in Opposition re Reply* have been filed. Docs. 17-18.

## II. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court

4

must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance

5

claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in Coleman: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id*., at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on

the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

### III. Speedy Trial; Ineffective Assistance of Appellate Counsel

As discussed, in claim one, Petitioner asserts that he was denied due process because the state trial court denied his motion to dismiss on speedy trial grounds. Petitioner raised this claim on direct appeal; however, he failed to file a timely appeal with the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for a delayed appeal. Petitioner therefore has procedurally defaulted this claim. *Bonilla v. Hurley*, 370 F.3d at 497; *see also Womack v. Konteh*, No. 3:06 CV 157, 2008 WL 123867, at *2 (N.D. Ohio Jan. 10, 2008)(enforcing procedural default based on the Ohio Supreme Court's denial of an untimely appeal).

Petitioner may still obtain a merits review of this claim if he establishes cause for his procedural default as well as actual prejudice from the alleged constitutional violation. As cause for his procedural default, and in ground two of his habeas corpus petition, Petitioner asserts that his attorney performed in a constitutionally ineffective manner by failing to notify him of the appellate court's decision denying his appeal, resulting in his inability to file a timely appeal with the Ohio Supreme Court.

"[C]ounsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal."

7

*Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 434 (6th Cir. 2006)(citing *Strickland*, at 688)(counsel's duties include consulting with the defendant on important decisions and keeping him informed of important developments).  "Because the decision regarding whether to 'take an appeal' is a 'fundamental decision[ ]' that 'the accused has the ultimate authority to make,' counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal."  *Id*. at 434 (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).  Where counsel's failure results in the defendant's forfeiture of the appeal, prejudice is presumed.  *Id.* at 435 (citing *Roe v. Flores-Ortega*, 528 U.S. at 483).  For this presumption to apply, however, "the defendant must demonstrate that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.' "  *Id.* (citing *Flores-Ortega*, at 484).  In other words, the defendant must establish that " 'there is a reasonable probability that, but for counsel's deficient failure' to notify [him] of the Ohio Court of Appeals decision, [he] 'would have timely appealed' to the Ohio Supreme Court."  *Id.*  (citing *Flores-Ortega*, at 484).

> In assessing whether a defendant. . . "would have timely appeared,". . . we apply a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision. In the absence of other circumstances hindering the defendant's ability to attempt to appeal the decision within this time frame, allowing a greater amount of time would generally bestow a

8

> windfall upon the defendant whose counsel promptly failed
> to notify the defendant of a decision.

*Smith*, 463 F.3d at 435; *see Baker v. Bradshaw*, 495 Fed.Appx. 560, unpublished, 2012 WL 3538585, at *5 (6th Cir. Aug. 17, 2012)(no prejudice where the petitioner did not file a motion for delayed appeal with the Ohio Supreme Court within forty-five days of the date that he learned of the appellate court's decision) ; *Cumberledge v. Sloan*, No. 1:13 CV 2067, 2014 WL 7005112, at * 11 (N.D. Ohio Dec. 10, 2014)(same).

Here, Petitioner was required to file an appeal with the Ohio Supreme Court by March 3, 2014, within forty-five days of the appellate court's January 17, 2014, dismissal of the appeal. S.Ct.Prac.R. 701(A)(1)(a)(i). According to Petitioner, he did not learn about the appellate court's January 17, 2014, dismissal of his appeal until May 14, 2014, when his wife, Sandra Johnson checked the court's website. *See Affidavit of Verity*, Doc. 17, PageID# 287. He filed a motion for a delayed appeal on June 27, 2014, within forty-five days thereafter.

However, Respondent has attached a copy of the prison's Legal Mail Log indicating that, during the time period at issue, Petitioner signed for the receipt of legal mail from the Fairfield County Court twice on March 18, 2014, once on May 19, 2014, and once again on June 20, 2014. Doc. 18-1, PageID# 305-07. The docket of the Fairfield County Court of Common Pleas also indicates that, on March 11, 2014, the Clerk mailed a "cost statement" to Petitioner, billing him for costs in the amount of $88.00 related to his appeal. Doc. 11-1, PageID# 226. On May 14, 2014, and on June 16, 2014, the Clerk again mailed the same "cost statement" to the Petitioner. *Id*. Respondent has provided

9

a copy of the invoice that the cost statement refers to and which was mailed to the Petitioner, which indicates that, on January 17, 2014, the Opinion and Judgment Entry from the Court of Appeals was docketed. Doc. 18-1, PageID# 308. Thus, it appears likely that by March 18, 2014, Petitioner had notice that the appellate court had dismissed his appeal in January.

Petitioner indicates that the clerk did not send him a date-stamped copy of the appellate court's judgment entry, and therefore he could not have timely appealed. Doc. 19, PageID# 312. That does not mean, however, that he was not aware by March 18, 2014, that his appeal had been dismissed on some date prior to that, and nothing prevented him from requesting a copy of the decision and filing a motion for leave to appeal within forty-five days thereafter. The record therefore reflects that Petitioner appears to have waited more than three months after receiving notice that the appellate court had issued an Opinion and Judgment Entry dismissing his appeal to file his motion for a delayed appeal. If that is so, he cannot establish prejudice from counsel's alleged failure to timely notify him of the appellate court's decision denying his appeal. *Smith*, 463 F.3d at 435.

Even if this factual issue were resolved in Petitioner's favor, Respondent correctly notes that Petitioner also procedurally defaulted his claim of the denial of the effective assistance of appellate counsel concerning notifying him of the disposition of his direct appeal. Such claim therefore cannot constitute cause for his procedural default. *Edwards v. Carpenter*, 529 U.S. at 450–51 (the constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such

10

claim has been presented to the state courts and is not, itself, procedurally defaulted)(citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "*Smith. . .* recognized that '[a] claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default.' " *Stout v. Warden, Toledo Correctional Inst.*, No. 3:12-cv-1415, 2014 WL 1682824, at *9 (N.D. Ohio April 17, 2014)(citing *Bleigh v. Brunsman*, No. 2:11-cv-628, 2012 WL 668819, at *12 (S.D. Ohio Feb. 29, 2012) (quoting *Smith*, 463 F.3d at 436, n. 7); *Barkley,* 240 F.Supp.2d at 715 ("Because [petitioner] failed to present this claim [of ineffective assistance of appellate counsel] as an independent claim to the state courts, it cannot constitute cause for [petitioner's] procedural default of his habeas claim."). "[A] petitioner cannot use the ineffective assistance of appellate counsel as cause to excuse a procedurally defaulted claim when he has failed to present the claim of the ineffectiveness of appellate counsel as an independent claim or has otherwise procedurally defaulted that claim." *Tomilinson v. Bradshaw*, No. 5:13-cv-1808, 2015 WL 106060, at *17 (N.D. Ohio Jan. 7, 2015)(citing *Smith*, 463 F.3d at 436; *Stout v. Warden, Toledo Corr. Inst.*, No. 3:12–CV–1415, 2014 WL 1682824, at *9 (N.D. Ohio, Apr. 17, 2014)(internal quotation omitted)(concluding that the petitioner had procedurally defaulted his claim of ineffective assistance of appellate counsel by failing to present it "as a separate claim or as any claim beyond his motion for delayed appeal to the Ohio Supreme Court.").

Although Petitioner asserted a claim of the denial of the effective assistance of appellate counsel in his delayed Rule 26(B) application, the state appellate court denied

11

application for failure to show good cause for the untimely filing. Petitioner did not file a timely appeal of the appellate court's decision to the Ohio Supreme Court. Further, he may now no longer do so, as Ohio does not permit delayed appeals in Rule 26(B) proceedings. S.Ct.Prac.R. 7.01(A)(4)(c). The state courts were unable to enforce this procedural rule due to the nature of Petitioner's procedural default. Therefore, Petitioner has waived his claim that he was denied the effective assistance of appellate counsel based on his attorney's failure to timely inform him of the appellate court's decision denying his appeal. Further, Petitioner has failed to establish cause and prejudice for this procedural default.

The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496. In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition. *Schlup*, 513 U.S. at 317. The actual innocence claim in *Schlup* is " 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.' " *Id*. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

12

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception thoroughly in *Souter:*

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." Schlup, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ +] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " Id. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted).  Petitioner does not meet these standards. He therefore has waived his claim of the denial of the effective assistance of appellate counsel and denial of the right to a speedy trial.

### IV. Ineffective Assistance of Trial Counsel

Petitioner asserts that he was denied the effective assistance of trial counsel because his attorney waived his right to a speedy trial and failed to prepare a defense, thereby forcing Petitioner to enter a guilty plea (he actually entered a no contest plea, but that difference is not significant with respect to this claim).  Because the same attorney represented Petitioner at trial and on direct appeal, this claim could properly have been raised in a petition for post-conviction relief pursuant to O.R.C. § 2953.21. "Issues which must be raised in a postconviction action pursuant to R.C. § 2953.21 include claims. . . of ineffective assistance of trial counsel where the defendant was represented on direct appeal by the same attorney who represented him at trial." *Van Hook v. Anderson*, 127 F.Supp.2d 899, 913 (S.D. Ohio 2001)(citing *State v. Cole*, 2 Ohio St.3d 112 (1982)).  Respondent contends that Petitioner has procedurally defaulted his claim of the denial of the effective assistance of trial counsel, because Petitioner did not file a petition for post-conviction relief, and the time period to do so has now expired. *Return of Writ,* Doc. 11, PageID# 48.

In *Martinez v. Ryan*, -- U.S. --, 132 S.Ct. 1309 (2012), the United States Supreme Court held that the "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315; *see Hodges v. Colson*, 727 F.3d 517, 530-31 (6th Cir. 2013).  The holding in *Martinez* applies where, as here, "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of

ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1317. The Supreme Court narrowly limited its holding in *Martinez*, stating:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. See 501 U.S., at 754, 111 S.Ct. 2546; *Carrier*, 477 U.S., at 488, 106 S.Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, at 1320. Under *Martinez*, a federal habeas court may find cause to excuse a petitioner's procedural default

> where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding." *Martinez, supra*, at ----, 132 S.Ct., at 1318–1319, 1320–1321.

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013). "The Sixth Circuit has not finally resolved whether and how *Martinez* applies to Ohio ineffective assistance of trial counsel claims." *Moreland v. Robinson*, No. 3:05-cv-334, 2015 WL 127977, at *6 (S.D. Ohio Jan. 8, 2015)(citations omitted). However, the Sixth Circuit has concluded that an attorney's failure to advise his client with relevant information regarding the filling of a petition for post-conviction relief may constitute cause for a petitioner's failure to pursue a timely post-conviction petition. *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014). Gunner's

15

attorney failed to advise Gunner of the date of the filing of the trial transcript or of the deadline for filing a post-conviction petition.  The time period for filing a post-conviction petition therefore elapsed, and Gunner missed his opportunity to file a timely petition for post-conviction relief.  *Id*. at 515.  The Sixth Circuit held that Gunner thereby established cause for his procedural default of a claim of ineffective assistance of trial counsel and remanded the case for consideration of the claim on the merits.  The Sixth Circuit reasoned:

> Mr. Long was retained to challenge the judgment of conviction on appeal. The only viable issue that was available—the ineffective assistance of trial counsel—had to be brought in a separate proceeding, and the timing of that proceeding was integrally related to the filing of the transcript on direct appeal. Mr. Long knew or should have known that this proceeding had to be brought within 180 days of the date on which the trial transcript was filed with the Ohio Court of Appeals, and he also knew that his client would surely have not known when the trial transcript was filed or of the necessity to take immediate legal steps. Under these circumstances, just as the debt collector was obligated to inform his principal of the necessity to take immediate legal steps to collect the debt, even though he was not obligated to take those legal steps, Mr. Long was obligated to communicate comparable information to petitioner.

*Id*. at 516-17 (footnote omitted).[1]

Therefore, it appears that Petitioner may be able to establish cause for his procedural default in failing to file a timely petition for post-conviction relief.

---

[1] Effective March 23, 2015, the deadline for filing a petition for post-conviction relief increased from 180 days to no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication.  O.R.C. § 2953.21(A)(2).  Sub. H.B. 663, 130th Gen. Assem.

Turning to the merits of the claim, Petitioner asserts that his attorney failed to prepare for trial, never asked Petitioner about potential defense witnesses who would have established his actual innocence of the charges, and improperly waived his right to a speedy trial, thereby forcing Petitioner to enter a guilty plea. Petitioner additionally asserts that his attorney performed in a constitutionally ineffective manner at sentencing, by failing to request a hearing on his ability to pay restitution, and failing to object to imposition of sentences on allied offenses of similar import. Respondent has not addressed the merits of Petitioner's claim of ineffective assistance of trial counsel.

## V. Recommended Disposition

The Magistrate Judge therefore **RECOMMENDS** that Petitioner's claim of the denial of the right to a speedy trial and the denial of the effective assistance of appellate counsel be **DISMISSED** as procedurally defaulted, but that the claim of ineffective assistance of trial counsel be briefed on the merits.

If this recommendation is adopted, Respondent should be **DIRECTED** to submit a supplemental response addressing the merits of Petitioner's claim of the denial of the effective assistance of trial counsel within twenty-one days, and Petitioner should be granted permission to file a response within twenty-one days thereafter.

## VI. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge