UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tyrone E. Johnson, Sr.,

    Petitioner,

v.

Neil Turner,

    Respondent.

Case No. 2:14–cv–1908
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On November 29, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Petitioner's claims that he was denied the right to a speedy trial and the effective assistance of appellate counsel be dismissed as procedurally defaulted and that the Respondent submit supplemental briefing on the merits of Petitioner's claim that he was denied the effective assistance of trial counsel. ECF No. 20.

Respondent has filed an objection to the R&R, ECF No. 21. Petitioner has filed a response to Respondent's objection, ECF No. 23, which the Court construes as an objection.[1]

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the R&R, ECF No. 20, is **ADOPTED** and **AFFIRMED**. Petitioner's claim that he was denied his right to a speedy trial and

---

[1] Petitioner's objection was untimely filed and, on its face, purports to be merely a response to Respondent's objection. ECF No. 23. However, the Court construes the response liberally as an objection and exercises its discretion to rule on the same.

the effective assistance of appellate counsel are hereby **DISMISSED**. Respondent's and Petitioner's objections, ECF Nos. 21 & 23, are **OVERRULED**. Petitioner's request for the appointment of counsel is **DENIED**. Respondent is **DIRECTED** to submit a supplemental response addressing the merits of Petitioner's claim of the denial of the effective assistance of trial counsel within twenty-one (21) days. Petitioner may file a response within twenty-one (21) days thereafter.

## I. Request for Appointment of Counsel

Petitioner requests the assistance of Court-appointed counsel in these proceedings.

Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to counsel in these proceedings. *See Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citing *Boyd v. Groose,* 4 F.3d 669, 671 (8th Cir.1993); *McCleskey v. Zant,* 499 U.S. 467, 495 (1991) (no constitutional right to counsel in federal habeas); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (no right to counsel beyond first appeal of right); *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987) ("habeas corpus proceedings are civil in nature")). "Never has it been held that there is a constitutional right to counsel in a habeas action." *Hoggard,* 29 F.3d at 471 (citing *Blair v. Armontrout,* 916 F.2d 1310, 1332 (8th Cir. 1990); *Johnson v. Avery,* 393 U.S. 483, 488 (1969)). Rather, "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or

due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted); 18 U.S.C. § 3006(a)(2)(B). The appointment of counsel is mandatory only where the record indicates that an evidentiary hearing is required to resolve a petitioner's claims. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. In making the determination as to whether to exercise its discretion in appointing counsel on a petitioner's behalf, the Court should consider "the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors." *Matthews v. Jones*, No. 5:13-cv-1850, 2015 WL 545752, at *3 (N.D. Ohio Feb. 10, 2015) (citations omitted).

It does not appear at this time that an evidentiary hearing will be required to resolve Petitioner's claims or that this case is so unduly complex that the interests of justice or due process necessitate the appointment of counsel on Petitioner's behalf. To the contrary, the record reflects that Petitioner has sufficiently presented his arguments on his own behalf. Therefore, Petitioner's request for the appointment of counsel is **DENIED**.

II.     **Speedy Trial and Ineffective Assistance of Counsel Claims**

The Magistrate Judge recommended dismissing Petitioner's claim that he was denied the right to a speedy trial and the effective assistance of appellate counsel as procedurally defaulted. The R&R found that Petitioner waived his claim of the denial of the right to a speedy trial by failing to timely appeal the appellate court's dismissal of that claim to the Ohio Supreme Court. The R&R

noted that Petitioner asserts the ineffective assistance of appellate counsel as both a separate claim and as cause to overcome the procedural default of his speedy trial act claim. The R&R concluded, however, that Petitioner's claim of the denial of the effective assistance of appellate counsel was itself procedurally defaulted because Petitioner failed to timely file an application to reopen his appeal under Ohio Appellate Rule 26(B) to add that claim and because he failed to appeal to the Ohio Supreme Court the appellate court's denial of his untimely Rule 26(B) application.

Petitioner objects to the recommendation that his speedy trial and ineffective assistance of appellate counsel claims are procedurally defaulted. Petitioner argues that the dismissal of his claims as procedurally defaulted will serve to reward attorneys who engage in plea negotiations in lieu of protecting their clients' right to a speedy trial. Petitioner argues that he should not be held accountable for his attorney's failure to timely notify him of the appellate court's dismissal of his appeal. To do so, he contends, will also merely serve to encourage attorneys who fail to keep their clients timely apprised of the status of proceedings. Petitioner again maintains that he did not learn about the appellate court's dismissal of his appeal until the period for filing a timely appeal to the Ohio Supreme Court had already expired. He states that he had only nine days from the date that he received notice of the appellate court's decision within which to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He argues that this case involves a manifest miscarriage of justice.

Principles of comity and federalism require that the state courts be given a fair opportunity to correct their own mistakes and address a federal claim before a prisoner may obtain federal habeas corpus review. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (citing *Coleman*, 501 U.S. at 732; *O'Sullivan v. Boerckel*, 526 U.S. 838, 854 (1999)). As the R&R states, ineffective assistance of counsel may constitute cause sufficient to excuse the procedural default of another claim, such as Petitioner's speedy trial claim. *Edwards*, 529 U.S. at 453. However, in order to constitute cause, the ineffective assistance claim must first be presented as an independent claim in state court. *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). If the ineffective assistance claim is itself procedurally defaulted, a petitioner must be able to satisfy the "cause and prejudice" standard with respect to that claim. *Id.* at 450–51.

As the R&R notes, Petitioner's ineffective assistance of appellate counsel claim was itself procedurally defaulted because he neither filed a timely application to reopen his appeal to add that claim nor appealed the appellate court's denial of his untimely application to reopen.

Petitioner has argued that his appellate counsel's ineffective assistance caused him to have only nine days to file a Rule 26(B) application to reopen his appeal, but he did not argue why he could not file such an application in nine days. Nor did he show why he failed to appeal, to the Ohio Supreme Court, the appellate court's denial of his untimely application to reopen. Accordingly, Petitioner has failed to establish cause and prejudice to overcome the default of

his ineffective assistance of appellate counsel claim.  Therefore, that stand-alone claim is procedurally defaulted, and, moreover, that claim cannot serve as cause for any procedural default of his speedy trial claim.  *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000).

This Court therefore cannot address Petitioner's procedurally defaulted claims on the merits absent a showing of actual innocence—and the record fails to reflect that Petitioner can meet this standard here.  *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005) ("[T]he actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'") (citing *Schlup,* 513 U.S. at 321).  Therefore, Petitioner's objections to the Magistrate Judge's recommendation of dismissal of his speedy trial and ineffective assistance of appellate counsel claims as procedurally defaulted are **OVERRULED**.

### III.   Ineffective Assistance of Trial Counsel Claim

Respondent objects to any determination that Petitioner has established cause and prejudice to overcome the procedural default of his claim of the denial of the effective assistance of trial counsel.  Respondent maintains that Petitioner has procedurally defaulted such claim by failing to file a timely petition for post-conviction relief.  Respondent argues that the record does not reflect that Petitioner can establish ineffective assistance of counsel as cause for this procedural default, because, despite being provided the opportunity to do so, Petitioner has not indicated that his attorney failed to advise him of filing events or deadlines for the filing of a petition for post-conviction relief.

Petitioner responds that his attorney did not advise him of the date of the filing of the trial transcript or of the deadline for the filing of a petition for post-conviction relief.

Respondent, nonetheless, argues that Petitioner's claim is still procedurally defaulted because Petitioner has never presented such an ineffective assistance of counsel issue to the state courts. *See Edwards v. Carpenter*, 529 U.S. at 450-51 (2000) (the constitutionally ineffective assistance of counsel cannot constitute cause for a procedural default, unless such claim has been presented to the state courts and is not, itself, procedurally defaulted) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Respondent argues that this case therefore is distinguishable from the scenario in *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) (an attorney's failure to advise a client of the date of the filing of the trial transcript or of the deadline for filing a post-conviction petition may constitute cause for a procedural default), as Gunner presented his claim of ineffective assistance of counsel to the state courts in Rule 26(B) proceedings. *Gunner*, 749 F.3d at 515. Respondent does not object to the Magistrate Judge's recommendation of the submission of supplemental briefing on the merits of Petitioner's claim of the denial of the effective assistance of trial counsel.

This Court does not read the R&R as a rejection of Respondent's procedural default argument. Rather, the Court has yet to determine whether Petitioner can establish cause and prejudice for the procedural default of his claim of the denial of the effective assistance of trial counsel. Further, Petitioner

was represented by the same attorney at trial and on direct appeal and has consistently maintained that his attorney performed in a constitutionally ineffective manner. Because supplemental briefing on the merits of this claim will be of assistance to the Court's determination of the issues now at hand, Respondent's objection, ECF No. 21, is **OVERRULED**.

### IV.  Disposition

Respondent's and Petitioner's objections, ECF Nos. 21 & 23, are **OVERRULED**. Petitioner's request for the appointment of counsel is **DENIED**.

The R&R, ECF No. 20, is **ADOPTED** and **AFFIRMED**. Petitioner's claims that he was denied his right to a speedy trial and the effective assistance of appellate counsel are hereby **DISMISSED**. Respondent is **DIRECTED** to submit a supplemental response addressing the merits of Petitioner's claim of the denial of the effective assistance of trial counsel within twenty-one (21) days. Petitioner may file a response within twenty-one (21) days thereafter.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**