IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYRONE E. JOHNSON, SR.,

    Petitioner,

v.

NEIL TURNER,

    Respondent.

CASE NO. 2:14-CV-01908
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Return of Writ* and *First Supplemental Answer/Return of Writ*, Petitioner's *Reply* and supplemental *Reply*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's *Motion for Evidentiary Hearing or Expansion of the Record* and request for the appointment of counsel (Doc. 25) are **DENIED**.

I. Facts and Procedural History

As this Court explained in its prior Report and Recommendation, *see Johnson v. Turner*, 2016 WL 6963177 (S.D. Ohio Nov. 29, 2016), *adopted and affirmed* 2017 WL 111785, (S.D. Ohio Jan. 11, 2017), Petitioner was convicted pursuant to his no contest plea in the Fairfield County Court of Common Pleas on one count of engaging in a pattern of corrupt activity, one count of complicity to commit robbery, and two counts of complicity to commit theft. In the order adopting the prior Report and

Recommendation, the Court dismissed Petitioner's claims that he was denied the right to a speedy trial and that his appellate counsel was constitutionally ineffective. *See id* The sole issue remaining for this Court's consideration involves Petitioner's claim that he was denied the effective assistance of trial counsel because his attorney filed "useless requests for information that expanded [the] State's time to bring Petitioner to trial" (*Petition*, Doc. 1, PageID# 6), and failed to prepare a defense, forcing Petitioner to enter a guilty plea (claim one). It is the position of the Respondent that this claim is procedurally defaulted and without merit. On February 3, 2017, the Respondent provided supplemental briefing on the merits of the claim. (*See* Docs. 28, 29.) On March 8, 2017, Petitioner filed a *Reply*. (Doc. 30) . For the following reasons, it will be recommended that the claim be dismissed as procedurally defaulted.

### III. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a

petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state

3

procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore

4

must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in Coleman: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

The Court considered this argument in the prior Report and Recommendation, noting that Petitioner's claim of the denial of the effective assistance of trial counsel would have been properly raised in a petition for post conviction relief pursuant to O.R.C. § 2953.21, because the same attorney represented him at trial and on direct appeal. "Issues which must be raised in a postconviction action pursuant to R.C. 2953.21 include claims. . . of ineffective assistance of trial counsel where the defendant was represented on direct appeal by the same attorney who represented him at trial." *Van Hook v. Anderson*, 127 F.Supp.2d 899, 913 (S.D. Ohio 2001)(citing *State v. Cole*, 2 Ohio St.3d 112 (1982)). However, Petitioner did not file a petition for post conviction relief. Moreover, the time period to do so has now long since expired. Petitioner was required under the version of §2953.21 then in effect to file his petition for post conviction relief within 180 days of May 17, 2013, the date of the filing of the record on appeal (*see* Doc. 11-1, PageID# 225). Additionally, the record fails to reflect that Petitioner can meet the stringent requirements for the filing of an untimely post conviction petition pursuant to

6

O.R.C. § 2953.23. This Court previously concluded that Petitioner procedurally defaulted his claim of the denial of the effective assistance of trial counsel - the same conclusion reached in cases like *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013)(the petitioner's claim is procedurally defaulted where he did not raise it in his post conviction petition and the record does not reflect that he can meet the requirements for the filing of a successive or untimely post conviction petition). However, it concluded that the record should be supplemented with respect to whether Petitioner could make the necessary showing of cause and prejudice under *Maupin* to excuse his procedural default.

As cause for his procedural default, Petitioner states that he did not know about the time limits for the filing of a petition for post conviction relief or the date of the filing of the record on appeal. *See Petitioner's Response to Respondent's Objection in Part to the Report and Recommendation* (Doc. 23, PageID# 343). He is essentially arguing that his appellate counsel was ineffective for failing to advise him of these dates.

Where, as here, "the initial-review collateral proceedings is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial," the inadequate assistance of counsel in those proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, -- U.S. --, 132 S.Ct. 1309, 1315-17 (2012); *see Hodges v. Colson*, 727 F.3d 517, 530-31 (6th Cir. 2013). Therefore, a federal habeas court may find cause to excuse a petitioner's procedural default:

> [w]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] … be raised in an intial-review collateral proceeding." *Martinez, supra,* at ---, 132 S.Ct., at 1318-1319, 1320-1321.

*Trevino v. Thaler*, -- U.S. --, 133 S.Ct. 1911, 1918 (2013). Additionally, an attorney's failure to advise his client with relevant information regarding the filing of a petition for post conviction relief may constitute cause for a petitioner's failure to pursue a timely post conviction petition. *Gunner v. Welch*, 749 F.3d 511, 516-17 (6th Cir. 2014).

There is another procedural hurdle which someone in Petitioner's position has to overcome, however. It is the law that "'an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.'" *Hodges*, 727 F.3d at 530 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Also, "a petitioner is required to exhaust his cause ground in state court." *Williams v. Lazaroff*, 648 Fed.Appx. 548, 553 (6th Cir. 2016)(citing *Edwards v. Carpenter*, 529 U.S. at 452). "Accordingly, [Petitioner] was required to bring in state court his claim of ineffective assistance of appellate counsel for failing to advise [Petitioner] during his direct appeal of the deadline for state post conviction proceedings." *Id.* Clearly, Petitioner did not do so.

In Ohio, a claim that appellate counsel was ineffective with respect to advising a client about post-conviction proceedings is properly raised by way of an application to

8

reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Id.* (citing *Gunner,* 749 F.3d at 515 (noting that Gunner argued in his Rule 26(B) application that appellate counsel had been ineffective for failing to advise him on the time limit for state post-conviction relief). Petitioner did not raise such a claim in his Rule 26(B) application. Moreover, as this Court has previously concluded, Petitioner waived any claim of the denial of the effective assistance of appellate counsel by failing to file a timely Rule 26(B) application, and failing to file a timely appeal of the appellate court's decision denying the Rule 26(B) application as untimely to the Ohio Supreme Court. *See Johnson v. Turner*, 2016 WL 6963177, *6. Therefore, the denial of the effective assistance of appellate counsel cannot constitute cause for his procedural default of his claim of ineffective assistance of trial counsel.

> Petitioner is unable to establish cause because he has never presented this claim of the denial of the effective assistance of counsel to the state courts. *See Andrews v. Warden,* No. 1:13-cv-727, 2014 WL 10435020, at *17 (S.D. Ohio Oct. 27, 2014)(noting that "[a] claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim.")(citing *Goldberg v. Money*, 692 F.3d 534, 537 (6th Cir. 2012) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(other citations omitted). " '[A] claim of ineffective assistance," ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards v. Carpenter,* 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. at 489)(recognizing that the principles of comity and federalism that underlie the exhaustion doctrine require that a claim of the denial of the effective assistance of counsel asserted as cause for a procedural default must first be raised in state court.)

*Foster v. Brunsman,* No. 2:09-cv-00214, 2016 WL 2963425, at 2 (S.D. Ohio May 20, 2016). Consequently, he cannot use the alleged failure of his appellate counsel to advise him of the time limits for filing a post-conviction action as cause to excuse his procedural default. Additionally, the record does not reflect that Petitioner is actually innocent such that he may nonetheless obtain a merits review of his procedurally defaulted claims. *See Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005).

### IV. Motion for Expansion of Record, Evidentiary Hearing, and Counsel

Petitioner has filed a request for an evidentiary hearing so that he may establish that his attorney did not inform him of the date of the filing of the trial transcripts or the deadline for the filing of a petition for post conviction relief. Alternatively, Petitioner seeks to propound interrogatories on this issue, pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Petitioner also again requests the appointment of counsel to assist him in these proceedings.

For the reasons discussed above, Petitioner has procedurally defaulted his claim that his attorney improperly failed to inform him of the date of the filing of the trial transcripts or the deadline for the filing of a petition for post conviction relief. Therefore, such claim cannot constitute cause for his claim that he was denied the effective assistance of trial counsel. The record does not indicate that the resolution of any factual dispute will be of assistance to the Petitioner in establishing that he is entitled to relief. Petitioner's *Motion for Evidentiary Hearing or Expansion of the Record* and request for the appointment of counsel (Doc. 25) therefore are **DENIED**.

## V. Recommended Disposition

Therefore, the Magistrate Judge RECOMMENDS that this action be DISMISSED.

## VI. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge