UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYRONE E. JOHNSON, SR.,

      Petitioner,

      v.

NEIL TURNER,

      Respondent.

CASE NO. 2:14-cv-1908
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On June 19, 2017, the Magistrate Judge issued an *Order and Report and Recommendation* denying Petitioner's motion for an evidentiary hearing, expansion of record, and request for the appointment of counsel, ECF No. 25, and recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 31. Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*. ECF No. 33. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF No. 33, is **OVERRULED**. The *Order and Report and Recommendation*, ECF No. 31, is **ADOPTED** and **AFFIRMED**. Petitioner's motion for an evidentiary hearing, expansion of the record, and request for the appointment of counsel, ECF No. 25, are **DENIED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **GRANTED**.

This case involves Petitioner's conviction pursuant to his no contest plea in the Fairfield County Court of Common Pleas on charges of engaging in a pattern of corrupt activity, complicity to commit robbery, and two counts of complicity to commit theft.  The sole issue remaining for this Court's review involves Petitioner's claim that he was denied the effective assistance of trial counsel.  The Magistrate Judge recommended that this claim be dismissed as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of the denial of the effective assistance of trial counsel as procedurally defaulted.  Petitioner maintains that his claim would not be properly raised post-conviction proceedings, because it does not involve any off-the-record issue.  He again asserts, as cause for his procedural default, that his attorney failed to timely notify him of the appellate court's decision denying the appeal, thereby preventing him from complying with the time requirements of Ohio's Appellate Rule 26(B).  Petitioner also objects to the Magistrate Judge's denial of his requests for an evidentiary hearing, expansion of the record, and the appointment of counsel.  Petitioner seeks a certificate of appealability.

However, as previously discussed, Petitioner would have properly raised a claim of the denial of the effective assistance of trial counsel in a petition for post-conviction relief pursuant to O.R.C. § 2953.21, because the same

attorney represented him at trial and on direct appeal.  However, he never

pursued such action.  Moreover, he may now no longer do so.  *See* O.R.C. §

2953.23.  Further, the denial of the effective assistance of appellate counsel

cannot constitute cause for this procedural default, because Petitioner likewise

failed to present such issue to the state courts.  *See Edwards v. Carpenter,*

529 U.S. 446, 451-52 (2000); *Foster v. Brunsman*, No. 2:09-cv-00214, 2016

WL 2963425, at *2 (S.D. Ohio May 20, 2016).  The record does not indicate

that an evidentiary hearing, expansion of the record, or the appointment of

counsel are warranted.  Therefore, Petitioner's objections are **OVERRULED**.

Petitioner seeks a certificate of appealability.  "In contrast to an ordinary

civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds

no automatic right to appeal from an adverse decision by a district court." *Jordan v.*

*Fisher,* -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a

habeas petitioner to obtain a certificate of appealability in order to appeal.)  The

petitioner must establish the substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2).   This standard is a codification of *Barefoot v. Estelle*, 463

U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing

codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of

the denial of a constitutional right, a petitioner must show "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting

*Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a

certificate of appealability "should issue when the prisoner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Id.*  Thus, there are two

components to determining whether a certificate of appealability should issue when a

claim is dismissed on procedural grounds: "one directed at the underlying

constitutional claims and one directed at the district court's procedural holding." *Id.* at

485. The court may first "resolve the issue whose answer is more apparent from the

record and arguments." *Id.*

The Court is persuaded that reasonable jurists would debate whether the

Court properly dismissed Petitioner's claim of the denial of the effective assistance of

trial counsel as procedurally defaulted.  Therefore, Petitioner's *Motion for Certificate*

*of Appealability,* ECF No. 21, is **GRANTED**.  The Court certifies the following issue

for appeal:

Can Petitioner establish cause and prejudice for his claim of the denial of the
effective assistance of trial counsel?

Petitioner's *Objection*, ECF No. 33, is **OVERRULED**.  The *Order and*

*Report and Recommendation*, ECF No. 31, is **ADOPTED** and **AFFIRMED**.

Petitioner's motion for an evidentiary hearing, expansion of the record, and

request for the appointment of counsel, ECF No. 25, are **DENIED**.  This action

is hereby **DISMISSED.**

       **IT IS SO ORDERED.**

**MICHAEL H. WATSON**
**United States District Judge**